**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **THOMAS L. D'AQUIN** | **CIVIL ACTION** |
| **v.** | **NO: 26-0188**<br>**c/w NO: 26-0816** |
| **AT&T, INC.** | **SECTION: C (4)** |

**ORDER AND REASONS**[1]

Before the court are the following motions: AT&T, Inc.'s Motion to Dismiss Pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(3) (R. Doc. 15) filed March 13, 2026; Plaintiff's Motion for Preservation of Evidence and Limited Expedite Discovery (R. Doc. 18) filed March 14, 2026; Plaintiff's Motion for Clarification Regarding Account Identification (R. Doc. 19) filed March 15, 2026; the Motion to Require Identification of Account(s) at Issue (R. Doc. 22) filed by plaintiff on April 8, 2026; AT&T, Inc.'s Motion to Dismiss Pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) (R. Doc. 30) filed on June 24, 2026[2]; and the Motion for Leave to File Supplemental Memorandum (R. Doc. 32) filed by plaintiff on October 17, 2026.

## I. BACKGROUND

[1] Plaintiff is proceeding *pro se* and *in forma pauperis*. R. Doc. 3.
[2] This motion is applicable to plaintiff's complaint in the consolidated matter 26-0816.

Plaintiff, Thomas L. D'Aquin, sued defendant, AT&T Inc.,[3] requesting a temporary restraining order and asserting unspecified legal claims.[4] D'Aquin alleges he opened a business account with AT&T in the name of Nano Valley Corporation, an entity he purports to control.[5] D'Aquin contends he and AT&T initially interacted routinely regarding his business account.[6] Then, around December 2025, the relationship deteriorated with AT&T ultimately prohibiting D'Aquin's access to the account.[7] D'Aquin asserts these actions caused him harm, including "loss of communications, access to medical care, financial services, and business operations."[8] D'Aquin seeks injunctive relief requiring AT&T to restore account services, preserve records, and cease retaliatory conduct.[9] He brings suit as a "[f]ederal consumer protection whistleblower", and seeks $10 million in damages.[10]

AT&T moves to dismiss D'Aquin's complaint, asserting (1) no subject matter jurisdiction, (2) no standing, and (3) pursuant to Rule 12(b)(3), the contract requires arbitration.[11]

---

[3] Defendant notes its proper name is New Cingular Wireless PCS LLC d/b/a AT&T Mobility. R. Doc. 15 at 1; R. Doc. 30 at 1.
[4] R. Doc. 1.
[5] *Id.* ¶¶ 1, 4.
[6] *Id.* ¶¶ 5–6.
[7] *Id.* ¶¶ 7–17.
[8] *Id.* ¶ 18.
[9] *Id.* ¶ 20.
[10] R. Doc. 1-7.
[11] R. Doc. 15-1 at 1.

D'Aquin filed a second lawsuit asserting AT&T mischaracterized his consumer account as a corporate account.[12] He contends AT&T failed to clearly identify the account and maintained inconsistent positions "across court proceedings, FCC complaints, and responses to regulatory authorities."[13] D'Aquin asserts this improper account handling, misrepresentation, and other violations by AT&T caused him harm.[14] He seeks $2 million in damages.[15] The court consolidated the two complaints.[16]

AT&T moves to dismiss D'Aquin's second complaint, asserting (1) no subject matter jurisdiction, and (2) D'Aquin fails to state a plausible breach of contract or other claim.[17]

## II. ANALYSIS

### A. Motion to Dismiss under Rule 12(b)(1)

Federal Rule of Civil Procedure 12(b)(1) governs challenges to the court's subject matter jurisdiction. "A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Home Builders Association of Mississippi, Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998) (internal quotations and citation omitted). Because

---

[12] R. Doc. 5 (case no. 26-cv-0816) at 1.
[13] *Id.*
[14] *Id.*
[15] R. Doc. 5-3 (case no. 26-cv-0816).
[16] R. Doc. 28.
[17] R. Doc. 30-1 at 1.

a 12(b)(1) motion is jurisdictional, the court considers such a motion "before addressing any attack on the merits," *In re FEMA Trailer Formaldehyde Products Liability Litigation (Mississippi Plaintiffs)*, 668 F.3d 281, 286 (5th Cir. 2012), in order to "prevent[ ] a court without jurisdiction from prematurely dismissing a case with prejudice." *Id.* at 286–87 (citing *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001)).

In assessing a challenge to its subject matter jurisdiction, the court "may dismiss … on any one of three different bases: (1) the complaint alone; (2) the complaint supplemented by undisputed facts in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Clark v. Tarrant County*, 798 F.2d 736, 741 (5th Cir. 1986) (citation omitted). Furthermore, a plaintiff has the burden of demonstrating that subject matter jurisdiction exists. *Celestine v. TransWood, Inc.*, 467 Fed. App'x 317, 318 (5th Cir. 2012) (per curiam) (citing *Ramming*, 281 F.3d at 161). Because D'Aquin proceeds *pro se*, his filings are construed liberally, with less stringent standards than pleadings drafted by counsel. *Savage v. Westcott*, 152 F.4th 687, 692 (5th Cir. 2025) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). However, liberal construction cannot be used to expand jurisdiction which the court does not possess.

**B. Subject Matter Jurisdiction**

Federal jurisdiction is granted pursuant to 28 U.S.C. §§ 1331 and 1332, with section 1331 providing federal question jurisdiction, and section 1332 providing diversity of citizenship jurisdiction. *Arbaugh v. Y & H Corp.*, 546 U.S. 500 (2006).

Federal question jurisdiction requires analyzing "whether a case 'arises under federal law' and whether the 'plaintiff's well-pleaded complaint raises issues of federal law.'" *Howery v. Allstate Insurance Co.*, 243 F.3d 912, 916 (5th Cir. 2001) (citing *City of Chicago v. International College of Surgeons*, 522 U.S. 156, 163 (1997). Here, neither complaint references any federal statute nor violation of federal law. D'Aquin simply notes section 1331 as a basis for jurisdiction.[18] In addition, his civil cover sheets reference D'Aquin as a "federal consumer protection whistleblower"[19] and, under the heading "Nature of Suit", the box for the Telephone Consumer Protection Act is checked.[20] He alleges no facts to support these statements. *See Wiley v. Department of Energy*, No. 21-cv-933, 2021 WL 6446586, at *5 (E.D. La. Nov. 12, 2021) ("[T]he party invoking federal subject matter jurisdiction cannot satisfy [his] burden by conclusory allegations alone.") (citations omitted). D'Aquin fails to adequately allege federal question jurisdiction.

---

[18] R. Doc. 1 ¶ 3; R. Doc. 5 (case no. 26-cv-0816) at 1.
[19] R. Doc. 1-7.
[20] R. Doc. 5-3 (case no. 26-cv-0816). The court notes the Telephone Consumer Protection Act aims to protect individual privacy by regulating certain undesirable telemarketing practices, including the use of unsolicited, automated phone calls. *Saragusa v. Countrywide*, No. 14-cv-2717, 2016 WL 1059004, at *3 (E.D. La. March 17, 2016) (citing 47 U.S.C. § 227). This statute does not seem to relate at all to D'Aquin's vaguely pled grievances against AT&T.

Diversity jurisdiction exists in civil actions between "citizens of different states" where the amount in controversy exceeds "$75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a). Again, D'Aquin's complaints simply note section 1332 as a basis for jurisdiction, without referencing the citizenship of the parties.[21] In fact, he states he is domiciled and resides in Louisiana, and AT&T is a corporation doing business in Louisiana.[22] By failing to allege citizens of different states, D'Aquin fails to establish the threshold requirement for diversity jurisdiction.

Additionally, D'Aquin claims damages of $10 and $2 million.[23] He provides no explanation or calculation to arrive at these figures, nor does he state how AT&T's alleged legal violations caused these damages. That, too, is fatal to diversity jurisdiction. *See Holliday v. CPAI Property Holding LLC*, No. 21-cv-1447, 2021 WL 5826149, at *2 (E.D. La. Dec. 8, 2021) ("Conclusory allegations are insufficient to establish jurisdiction.") (citation omitted).

Because the court does not have subject matter jurisdiction, it need not, and cannot, address AT&T's additional arguments.

## III. CONCLUSION

[21] R. Doc. 1 ¶ 3; R. Doc. 5 (case no. 26-cv-0816) at 1. The court notes that on the civil cover sheets for each of his complaints, D'Aquin checks only the box for federal jurisdiction as the basis for jurisdiction. R. Doc. 1-7; R. Doc. 5-3 (case no. 26-cv-0816).
[22] R. Doc. 1 ¶¶ 1–2; R. Doc. 5 (case no. 26-cv-0816) at 1.
[23] R. Doc. 1-7; R. Doc. 5-3 (case no. 26-cv-0816).

**IT IS ORDERED** that AT&T, Inc.'s Motion to Dismiss Pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(3) (R. Doc. 15) and AT&T, Inc.'s Motion to Dismiss Pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) (R. Doc. 30) are **GRANTED**. Plaintiff's claims are **DISMISSED, WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that D'Aquin is granted leave to amend his complaint within *twenty-one days* of the date of this order.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Preservation of Evidence and Limited Expedite Discovery (R. Doc. 18), Plaintiff's Motion for Clarification Regarding Account Identification (R. Doc. 19), the Motion to Require Identification of Account(s) at Issue (R. Doc. 22), and the Motion for Leave to File Supplemental Memorandum (R. Doc. 32) are **DENIED**.

New Orleans, Louisiana, this 27th day of October 2026

WILLIAM J. CRAIN
UNITED STATES DISTRICT JUDGE